IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM HOFFMAN,<br>*PLAINTIFF*, | § § § | |
| vs. | § § | CASE NO. 1:22-CV-00787 |
| UNITED STATES OF AMERICA, AND<br>LAUREL MOORE BARNHILL,<br>*DEFENDANTS.* | § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, William Hoffman (referred to by name and/or "Plaintiff"), complaining of the United States of America (referred to by name and/or "Defendant") for the actions of its agency, the United States Fish and Wildlife Service, and its employee Laurel Moore Barnhill (referred to by name and/or "Defendant") respectfully showing:

### 1. Jurisdiction / Venue / Parties.

1.1. This action is filed pursuant to the Federal Torts Claims Act. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1) because Plaintiff sustained personal injuries caused by the negligent or wrongful acts or omissions of a United States government employee while acting within the scope of employment for that federal agency.

1.2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

1.3. William Hoffman is a citizen of the State of Texas.

1.4. Defendant United States of America may be served pursuant to FED. R. CIV. P. § 4(i)(1)(A)(i) by delivering a copy of the summons and complaint to the United States Attorney for the Western District of Texas located at 903 San Jacinto Blvd., Suite 334, Austin, Texas

1

78701. As used herein, "United States of America" means and includes its agents, servants, employees, and/or officers acting in the course and scope of their duties and responsibilities for this Defendant, including but not limited to Laurel Moore Barnhill.

1.5.    Defendant Laurel Moore Barnhill may be served with process at her residence located at 277 Salem Church Road, Lexington, Georgia 30648, or wherever she may be served. At all times material to this action, this Defendant was acting in the scope of her employment for the United States Fish and Wildlife Service.

## 2. Conditions Precedent.

2.1.    Plaintiff timely presented his personal injury claim in writing to the appropriate federal agency – United States Fish and Wildlife Service – pursuant to 28 U.S.C. § 2675(a). Plaintiff's claim was denied, and Plaintiff timely files this Complaint within six months of the United States Fish and Wildlife Service's denial of his claim. 28 U.S.C. § 2401(b).

## 3. Causes of Action.

3.1.    Plaintiff brings this personal injury case under the Federal Torts Claims Act against Defendants to recover all money damages to the maximum extent allowed under the Act, and any other applicable law, to be determined by a duly-empaneled jury, for the negligence by Defendants in connection with a motor vehicle collision that occurred on or about February 28, 2020, in Travis County, Texas.

3.2.    On or about February 28, 2020, Plaintiff William Hoffman was driving in Travis County, Texas in a reasonably prudent manner when his vehicle was violently rear-ended by a vehicle being negligently operated by Defendant Laurel Moore Barnhill in the scope of her employment with the United States Fish and Wildlife Service, proximately causing severe personal injuries to Plaintiff and damages to Plaintiff's vehicle.

3.3. Defendant Laurel Moore Barnhill's negligence in connection with the occurrence in question, including but not limited to one or more of the following respects, proximately caused the injuries and damages to Plaintiff for which Plaintiff sues:

- a) Driving her vehicle while distracted;
- b) Following too closely under the circumstances behind Plaintiff's vehicle;
- c) Failing to keep a proper lookout and/or driver inattention;
- d) Failing to control her vehicle in a reasonable and prudent manner under the circumstances;
- e) Failing to control her vehicle's speed in a reasonable and prudent manner under the circumstances;
- f) Failing to turn her vehicle in an effort reasonable and prudent under the circumstances to avoid the collision; and/or
- g) Such other and further negligence and/or negligence *per se* as discovery may reveal.

3.4. Defendant United States of America is liable under the doctrine of *respondeat superior* for the conduct of Laurel Moore Barnhill in connection with the occurrence in question because Barnhill was operating the vehicle in the scope of her employment for a federal agency of the United States of America – the United States Fish and Wildlife Service. Further, the United States of America's own negligence in connection with the occurrence in question, including but not limited to one or more of the following respects, proximately caused the injuries and damages to Plaintiff for which Plaintiff sues:

- a) Negligent hiring;
- b) Negligent training and safety implementation;
- c) Negligent retention;
- d) Negligent entrustment; and/or

e)  Such other and further negligence and/or negligence *per se* as discovery may reveal.

3.5. Plaintiff was not negligent in connection with the occurrence in question, and Plaintiff denies any allegation by Defendants and/or each of them that anything Plaintiff did or failed to do was a proximate cause of the occurrence in question.

3.6. Plaintiff generally denies any counterclaim and affirmative defense asserted by any Defendant.

3.7. Plaintiff pleads all matters herein supplementally and/or in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under the applicable law(s) governing this action against Defendants.

## 4. Demand for Relief.

4.1. Such negligence and/or negligence *per se* by Defendants and/or each of them proximately caused personal injuries and damages to Plaintiff for which Plaintiff seeks recovery from Defendants, jointly and/or severally, in all elements recoverable under the Federal Torts Claims Act, and any other applicable law, to the maximum extent allowed, all such amounts to be determined by a duly-empaneled jury, including but not limited to for the past and in reasonable probability the future: physical pain and mental anguish, lost earnings, loss of earning capacity, disfigurement, physical impairment, and medical care expenses.

4.2. Plaintiff seeks prejudgment interest and post-judgment interest to the maximum extent allowed by law.

4.3. Plaintiff respectfully demands a trial by jury on all triable issues of fact.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to answer and appear herein, and that upon final jury trial, Plaintiff recover from Defendants and/or each of them all damages allowable under the Federal Torts Claims Act, and any other applicable law, in amounts to be determined by a duly-empaneled jury, plus costs of court, prejudgment and post-judgment interest, and such other and further relief to which Plaintiff may be justly entitled at law and in equity.

Respectfully submitted,

THOMAS J. HENRY LAW, PLLC
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
Tel. (210) 656-1000
Fax. (888) 956-8001
Service email: eguerra-svc@thomasjhenrylaw.com

By: _____
Emilio L. Guerra
State Bar No. 24096331
ATTORNEY FOR PLAINTIFF